# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

HAKIM Q. NASEER,

                Plaintiff,

          -vs-                        Case No.   11-C-1100

CATHY FRANCOIS, MARY KAMOROWSKI,
MICHAEL BAENEN, SARAH COOPER,
CAPTAIN SCHULZ, PETER ERICKSEN,
SGT. SCHILLER, MARK ZIMONICK,
and JOHN DOE,

                Defendants.

## DECISION AND ORDER

The plaintiff, who is incarcerated at Green Bay Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. However, the plaintiff is prohibited by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in any cases unless he is in imminent danger of serious physical injury, because he has filed at least three actions or appeals which were dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted. Those cases include: 09-CV-699-BBC (W.D. Wis.) (December 15, 2009, dismissal for failure to state a claim); 10-CV-27-BBC (W.D. Wis.) (February 16, 2010, dismissal for failure to state a

claim); 10-CV-399-BBC (W.D. Wis.) (September 30, 2010, dismissal for failure to state a claim); and 10-CV-541 (E.D. Wis.) (November 30, 2010, dismissal for failure to state a claim.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002) and *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). The plaintiff's complaint alleges that he was placed in an inadequately cleaned cell, subjected to sewer odors from a floor drain, and prevented from pursuing litigation. These allegations do not reflect the type of "genuine emergencies" that would permit a prisoner who has earned three strikes to proceed *in forma pauperis*. *Heimermann*, 377 F.3d at 782.

The plaintiff will be allowed thirty days from the date of this order to pay the $350.00 filing fee. Failure to pay the filing fee in this time period will result in dismissal of the plaintiff's action.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 3) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

**IT IS ALSO ORDERED** that the plaintiff's motion for an extension of time to file his six-month trust account statement (Docket No. 5) is **DENIED** as moot.

**IT IS ALSO ORDERED** that this action will be dismissed, unless the plaintiff

2

submits the $350.00 filing fee in this action to the clerk of court within 30 days from the date of this order.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2012.

SO ORDERED,

HON. RUDOLPH T. RANDA
U. S. District Judge

Case 2:11-cv-01100-RTR   Filed 04/27/12   Page 3 of 3   Document 9